CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Kevin D. Burrell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00358 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin D. Burrell, a Virginia inmate proceeding *pro se*, filed this action, which claims entitlement to three CARES Act payments (referred to as Economic Impact Payments (EIPs)). The parties settled Burrell's claim for the first two EIP payments. Defendant, the United States, moved to dismiss Burrell's claim for the third EIP payment. For the reasons explained below, the court will grant Defendant's motion.

## I. Background

The following background was provided by Defendant the United States of America. It was not disputed by Plaintiff and has been accepted before by this court as accurate. *See Wilkins v. U.S. Dep't of Treasury*, No. 7:21-cv-00428, 2023 WL 2482974, at *1–2 (W.D. Va. Mar. 13, 2023).

Congress passed the CARES Act in response to the COVID-19 pandemic. Among other things, the CARES Act provided for three EIPs to be paid to qualified individuals. The first EIP, codified at 26 U.S.C. § 6428, allowed for a payment of up to $1,200 for each qualified

individual. The second, codified at 26 U.S.C. § 6428A, allowed for a payment of up to $600 for each qualified individual. The third, codified at 26 U.S.C. § 6428B, allowed for payment up to $1,400 for each qualified individual. Burrell's complaint sought total payment of $3,200; he thus claimed entitlement to all three EIPs. (Dkt. 1.)

By the governing statutes, the EIPs issued in two different ways. Initially, Congress instructed the Internal Revenue Service ("IRS") to issue the EIPs as advance payments. *See, e.g.*, 26 U.S.C. § 6428(f). The IRS thus sent paper checks and direct deposits—commonly referred to as stimulus checks—to millions of eligible individuals. However, the process changed over time, and any qualified individual, such as Burrell, who did not receive EIP 3 by December 31, 2021, was still entitled to the funds, but would no longer receive a paper check or direct deposit as an advance payment. *Id.* § 6428B(g)(3). Instead, qualified individuals were required to claim the $1,400 as a credit (specifically the "recovery rebate credit") on their 2021 tax returns. *See id.* § 6428B(a).

In this case, the United States agreed that Burrell was entitled to the first and second EIPs. (Dkt. 25.) It settled Burrell's claims regarding these payments, and the parties entered into a stipulation of dismissal as to those claims. (Dkt. 27.) Burrell's claims to the first and second EIPs are therefore **DISMISSED** with prejudice under the parties' agreement. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). As for Burrell's claim of entitlement to the third EIP, the United States disputed Burrell's entitlement, asserting that the filing of a 2021 tax return was a jurisdictional prerequisite to filing a federal action seeking the third EIP. (Dkts. 17, 18.) The United States therefore moved to dismiss the claim, or in the alternative, moved for a grant of summary judgment to the claim because Burrell had not filed a 2021 tax return. (Dkt. 17.)

Burrell requested an extension of time to respond to this argument, (Dkt. 20), which the court granted, (Dkt. 21). The court sent Burrell a *Roseboro* notice. (Dkt. 19.) Burrell, however, did not file any response opposing the motion. Burrell did not contest, in any manner, that he had not, to date, filed a 2021 tax return.

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction to hear the claims before it. "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). It must, however, "view[ ] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768).

## III. Analysis

The court agrees that Burrell's claim for the third EIP must be dismissed. Burrell filed this action, claiming an entitlement to EIP 3, without first complying with the required process for seeking a refund. It is undisputed that he has not filed a 2021 tax return. (Decl. of Amy Han ¶¶ 9–10 (Dkt. 17-2); Ex. A (Dkt. 17-3).)

When claimed on a tax return, the third EIP is treated like any other tax credit resulting in an overpayment. *See Rueda v. Yellen*, No. ELH-20-1102, 2022 WL 684143, at *15–16 (D. Md. Mar. 7, 2022), *aff'd*, No. 22-1584, 2023 WL 8271939 (4th Cir. Nov. 30, 2023). A claim for the recovery rebate credit must be presented to the Internal Revenue Service before it can be heard by a federal court, and the agency is entitled to six months to act on the claim before sovereign immunity is waived. 26 U.S.C. §§ 7422, 6532(a)(1). If these jurisdictional prerequisites for a refund suit are satisfied, only then may an individual sue in federal court to seek payment of an EIP. *Cf. Watson v. United States*, No. 4:25-12362, 2025 WL 3167591, at *2 (D.S.C. Sept. 16, 2025) (describing process). But the question in such an action is not whether that person is entitled to a stimulus check under § 6428B(g)—as explained, the IRS may no longer issue advance payments, and, regardless, the CARES Act (and subsequent enactments) did not create a private cause of action to seek payments under subsection (g). *See Whaley v. Sec'y of U.S. Dep't of Treasury*, No. 4:23-04473, 2023 WL 6579001, at *2 (D.S.C. Oct. 10, 2023). Instead, a person seeking EIP 3 must file a § 7422 refund suit for tax year 2021, and the question is whether that person is entitled to a tax refund because he is entitled to the recovery rebate credit under subsection (a).

The United States, its agencies, and its officials are generally immune from civil suit unless the United States explicitly waives its sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Thus, the United States cannot be sued unless it has waived its sovereign immunity and the claim against the United States falls within the terms of the waiver. *See United States v. Dalm*, 494 U.S. 596, 607 (1990) (declining to extend sovereign immunity waiver to permit suit for tax refund). The plaintiff bears the burden to show "that an unequivocal

waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). When sovereign immunity has not been waived, the court lacks subject matter jurisdiction, and the case must be dismissed under Rule 12(b)(1). *See Dalm*, 494 U.S. at 608–10. To establish a waiver of sovereign immunity and federal court jurisdiction over a claim under 28 U.S.C. § 1346(a)(1), a taxpayer must duly file a timely claim for a refund as explained above.

As this court has previously concluded when considering a similar claim:

> [u]ntil those prerequisites are met, however, the United States retains sovereign immunity from such claims. *Blatt v. United States*, 34 F.3d 252, 257 (4th Cir. 1994) ("The United States consents to be sued for tax refunds only when the refund claim is filed in accordance with the Internal Revenue Code.") (citations omitted). And where a taxpayer does not—or has not—complied with those requirements, immunity has not been waived and the federal court lacks jurisdiction over such refund suits. *See Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006); *Lewis v. Sandler*, 498 F.2d 395, 399–400 (4th Cir. 1974).

*Wilkins*, 2023 WL 2482974, at *4. Without a "duly filed" claim for refund, Burrell cannot establish a waiver of sovereign immunity or this Court's subject-matter jurisdiction. Accordingly, Burrell's claim for the third EIP must be dismissed under Rule 12(b)(1).

## IV. Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant's motion to dismiss, (Dkt. 17), as to the third EIP without prejudice and **DISMISSES** the claims for the first and second EIPs with prejudice pursuant to the Stipulation of Dismissal, (Dkt. 27). The Clerk is **DIRECTED** to close this case and to mail a copy of this Memorandum Opinion and Order to Burrell.

**IT IS SO ORDERED**.

**ENTERED** this 14th day of August, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE